IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
WILLIAM ERIC BAKER,              )
                                 )
          Plaintiff,             )
                                 )
     v.                          )    1:23cv91
                                 )
MICHAEL S. REGAN,                )
Administrator,                   )
Environmental Protection Agency, )
                                 )
          Defendant.             )
```

## MEMORANDUM OPINION, ORDER, AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This case comes before the Court on (i) "Defendant Regan's Motion to Dismiss" (Docket Entry 12) (the "Dismissal Motion"), (ii) the "Motion to Establish Violation of Anti-Discrimination Laws in Pre-Employment Inquiry" (Docket Entry 15) (the "Title VII Motion"), and (iii) the "Motion to Consider Case based on FLSA Grounds" (Docket Entry 16 at 9-10)[1] (the "FLSA Motion," and collectively with the Title VII Motion, the "Amendment Motions").

---

[1] Although originally docketed as a subpart of Plaintiff's opposition to the Dismissal Motion, these pages more properly constitute a separate motion. (Compare id. at 1-8 (containing document entitled "Request for Denial of Defendant's Motion," with numbered sections labeled "I. Statement of the Case," "II. Question Presented," "III. Argument," and "V. [sic] Conclusion," and referenced exhibit), with id. at 9-10 (containing document entitled "Motion to Consider Case Based on FLSA Grounds" and unnumbered sections labeled "Introduction," "Statement of Facts," "Legal Basis," "Request for Relief," and "Conclusion").) The Court will accordingly direct the Clerk to file this material as a separate document. [For legibility reasons, this Opinion omits all-cap and bold font in all quotations. Additionally, Docket Entry page citations utilize the CM/ECF footer's pagination.]

For the reasons that follow, the Court should grant the Dismissal Motion and will deny the Amendment Motions (collectively with the Dismissal Motion, the "Motions").

## BACKGROUND

Alleging discrimination during his employment with the Environmental Protection Agency (the "EPA"), William Eric Baker (the "Plaintiff") sued Michael S. Regan, in his official capacity as EPA Administrator (the "Defendant"), and various of Plaintiff's EPA coworkers. (See Docket Entry 2 (the "Complaint") at 1-14.) As relevant to the Motions, the Complaint (filed on February 1, 2023 (see id. at 1)) alleges:

On November 15, 2016, an EPA employee contacted Plaintiff, a disabled Veteran (see id. at 9), regarding a potential job, for which Plaintiff interviewed on November 17, 2016. (See id. at 7.) During the hiring process, EPA workers made certain representations regarding the nature, pay grade, and promotion potential of the offered position. (See id.) Although Plaintiff's subsequent offer letter did not comport with these representations, he accepted the offer and commenced work with the EPA by January 7, 2017. (See id. at 7-8.) Plaintiff experienced mistreatment and disappointment during his tenure at the EPA, including exposure to multiple "comments about disabled Veterans getting in the way of hiring[] 'Qualified candidates'" (id. at 10). (See id. at 8-14.) On or about "January 2020," Plaintiff "filed a charge with the Equal

2

Employment Opportunity Commission" (the "EEOC" or "Commission") "regarding the [EPA's] alleged discriminatory conduct." (Id. at 5.) The EEOC then "issued a Notice of Right to Sue letter, which [Plaintiff] received on 10/31/2023 [sic]." (Id. (parenthetical omitted).)[2]

The Complaint identifies as the "[b]asis for [j]urisdiction" multiple laws and/or legal materials, including Title VII of the Civil Rights Act of 1964 ("Title VII") and federal regulations under the Fair Labor Standards Act (the "FLSA"), although not the FLSA itself. (Id. at 3.) The Complaint further specifies failure to hire, to promote, and to accommodate Plaintiff's disability, unequal terms and conditions of employment, and retaliation as the only types of discriminatory conduct at issue in the action. (See id. at 4.) Because Plaintiff sought to proceed in forma pauperis (see Docket Entry 1), the Court reviewed the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). (See Docket Entry 5 (the "Recommendation") at 1-26.) In so doing, the Court concluded:

> The Complaint plausibly states a claim against [the] EPA for a hostile work environment based on disability in violation of the Rehabilitation Act. Assuming Plaintiff stated a claim for negligent misrepresentation against [one of his EPA coworkers], such claim should not proceed in this action. In all other respects, the Complaint

---

2 Because Plaintiff filed the Complaint on February 1, 2023 (see id. at 1), the above-quoted reference in the Complaint to receipt of the Notice of Right to Sue on October 31, 2023, necessarily constitutes a scrivener's error as to the year of receipt.

> fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B).

(Docket Entry 5 at 25; see also Docket Entry 7 at 1 (adopting Recommendation).)  The Court therefore allowed "Plaintiff's claim for disability discrimination in the form of a hostile work environment . . . to proceed against Defendant," but dismissed "all other claims against all other [d]efendants," including "Plaintiff's claim for negligent misrepresentation," which it "dismissed without prejudice to Plaintiff bringing such claim in state court." (Docket Entry 7 at 1.)

Defendant thereafter moved to dismiss the Complaint "pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure" (the "Rules") (Docket Entry 12 at 1) on the grounds that "it was untimely filed in federal district court" (Docket Entry 13 at 4). In response, Plaintiff filed the Amendment Motions and an opposition to the Dismissal Motion, entitled "Request for Denial of Defendant's Motion" (Docket Entry 16 at 1). (See Docket Entries 15, 16.)  Defendant responded to these materials (see Docket Entries 17, 18), but Plaintiff declined to reply to Defendant's responses (see Docket Entries dated Apr. 1, 2024, to present (lacking filing from Plaintiff)).

**DISCUSSION**

**I. Relevant Standards**

**A. Rule 12(b)(6) Standards**

To avoid Rule 12(b)(6) dismissal, a complaint must contain sufficient factual allegations "to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). To qualify as plausible, a claim needs sufficient factual content to support a reasonable inference of the defendant's liability for the alleged misconduct. See id. This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id.

In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. Moreover, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint" cannot "survive a Rule 12(b)(6) motion." Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (internal quotation marks omitted). "At bottom, determining whether a complaint states . . . a plausible claim for relief . . . will 'be a context-specific task that requires the reviewing court to draw

5

on its judicial experience and common sense.'" Id. (quoting Iqbal, 556 U.S. at 679).

In reviewing a Rule 12(b)(6) motion, the Court must "accept the facts alleged in the complaint as true and construe them in the light most favorable to the plaintiff." Coleman v. Maryland Ct. of App., 626 F.3d 187, 189 (4th Cir. 2010), aff'd sub nom., Coleman v. Court of App. of Md., 566 U.S. 30 (2012). The Court must also "draw all reasonable inferences in favor of the plaintiff." E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc., 637 F.3d 435, 440 (4th Cir. 2011) (internal quotation marks omitted). Moreover, a pro se complaint must "be liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks omitted). Nevertheless, the Court "will not accept legal conclusions couched as facts or unwarranted inferences, unreasonable conclusions, or arguments." United States ex rel. Nathan v. Takeda Pharms. N. Am., Inc., 707 F.3d 451, 455 (4th Cir. 2013) (internal quotation marks omitted); see also Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (explaining that the United States Court of Appeals for the Fourth Circuit has "not read *Erickson* to undermine [the] requirement that a pleading contain more than labels and conclusions" (internal quotation marks omitted)). The Court can also "put aside any naked assertions devoid of further factual enhancement." SD3, LLC v. Black & Decker

6

(U.S.) Inc., 801 F.3d 412, 422 (4th Cir. 2015), as amended on reh'q in part (Oct. 29, 2015) (internal quotation marks omitted).

Notably, because a Rule 12(b)(6) motion "tests the sufficiency of a complaint," it "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (emphasis added). Instead, "claims lacking merit may be dealt with through summary judgment under Rule 56" rather than through a Rule 12(b)(6) motion. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 514 (2002). Nevertheless, dismissal remains "appropriate when the face of the complaint clearly reveals the existence of a meritorious affirmative defense." Brooks v. City of Winston-Salem, 85 F.3d 178, 181 (4th Cir. 1996) (citing "5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1357, at 352 (1990) ('A complaint showing that the statute of limitations has run on the claim is the most common situation in which the affirmative defense appears on the face of the pleading,' rendering dismissal appropriate.)").

### B. Amendment Standards

At this stage of the proceedings, Plaintiff may amend his pleadings "only with [Defendant's] written consent or the [C]ourt's leave." Fed. R. Civ. P. 15(a)(2).[3] Under Rule 15(a), "leave to

---

3 Plaintiff received electronic service of the Dismissal Motion on February 26, 2024 (see Docket Entry 12 Notice of Electronic Filing Receipt), making March 18, 2024, the deadline for

7

amend a pleading should be denied . . . [when] the amendment would have been futile." Laber v. Harvey, 438 F.3d 404, 426 (4th Cir. 2006) (en banc) (internal quotation marks omitted); see also Foman v. Davis, 371 U.S. 178, 182 (1962) (identifying "futility of amendment" as basis for denying leave to amend). "Futility is apparent if the proposed amended complaint fails to state a claim under the applicable rules and accompanying standards." Katyle v. Penn Nat'l Gaming, Inc., 637 F.3d 462, 471 (4th Cir. 2011). Accordingly, a proposed amendment fails for futility if it could not survive a Rule 12(b)(6) motion to dismiss. See Smith v. Bank of the Carolinas, No. 1:11cv1139, 2012 WL 4848993, at *3 (M.D.N.C. Oct. 11, 2012) (citing United States ex rel. Wilson v. Kellogg Brown & Root, Inc., 525 F.3d 370, 376 (4th Cir. 2008)).

## II. Analysis

### A. Dismissal Motion

Defendant seeks dismissal of this action on the grounds that Plaintiff failed to file suit within 90 days of receiving notification of the EEOC's final decision and his right to sue. (See, e.g., Docket Entry 13 at 9.) More specifically, Defendant contends that, according to the Complaint, Plaintiff received the

---

amending his Complaint by right, see Fed. R. Civ. P. 15(a)(1)(B). Plaintiff did not file the Amendment Motions by this date. (See, e.g., Docket Entry 15-1 at 1 (indicating Plaintiff mailed Amendment Motions on March 19, 2024, for delivery on March 20, 2024).)

notification on October 31, 2022,[4] but filed the "Complaint 93-days later, on February 1, 2023," rendering it untimely. (Id.) In response, Plaintiff contends that he "filed the case within the timelines provided by [the notice]" (Docket Entry 16 at 6; see also id. ("It was filed with sufficient time given that [the EEOC] signed the document on 10/31/2022.")) and/or that "equitable tolling should be applied to extend the filing deadline" (id.) due to difficulty he experienced in filing the Complaint on January 31, 2023 (see id. at 3). (See generally id. at 1-8.) Defendant's position should prevail.

"Rehabilitation Act claims against the federal government must comply with the same administrative procedures that govern federal employee Title VII claims." Wilkinson v. Rumsfeld, 100 F. App'x 155, 157 (4th Cir. 2004). Accordingly, an aggrieved individual

---

4 As previously noted, the Complaint mistakenly states that Plaintiff received the Notice of Right to Sue on October 31, 2023. In support of the Dismissal Motion, Defendant asserted: "Given the Notice of Right to Sue letter is dated October 31, 2022, and given the instant matter was filed before October 2023, it appears Plaintiff made a minor typographical error, and that Plaintiff received the notice on October 31, 2022." (Id. at 9 n. 4 (emphasis added) (citations omitted).) Because Plaintiff did not dispute this assertion (see Docket Entries 15, 16), he conceded it, see, e.g., Kinetic Concepts, Inc. v. ConvaTec Inc., No. 1:08cv918, 2010 WL 1667285, at *6-9 (M.D.N.C. Apr. 23, 2010) (discussing "general principle that a party who fails to address an issue has conceded the issue") (collecting cases), thereby establishing for purposes of the Dismissal Motion his alleged date of receipt of the Notice of Right to Sue as October 31, 2022. (See also Docket Entry 14 at 1 (warning Plaintiff that failure to dispute Dismissal Motion "may cause the [C]ourt to conclude that [Defendant's] contentions are undisputed").)

9

must file suit "[w]ithin 90 days of receipt of notice of final action taken . . . on [that person's] complaint of discrimination." 42 U.S.C. § 2000e-16(c); see also 29 C.F.R. § 1614.407 ("A complainant who has filed an individual complaint . . . is authorized under [T]itle VII[ and] the Rehabilitation Act . . . to file a civil action in an appropriate United States District Court[,]" as relevant here, "[w]ithin 90 days of receipt of the Commission's final decision on an appeal . . . ."). "This requirement functions as a statute of limitations 'for all intents and purposes.'" Smith v. Brennan, No. 8:17cv3334, 2019 WL 3046108, at *5 (D. Md. July 11, 2019) [hereinafter Brennan] (brackets omitted) (quoting Bowers v. Potter, 113 F. App'x 610, 612 (5th Cir. 2004)) (collecting cases); see also Earl v. Speer, No. 5:17cv344, 2018 WL 2222723, at *3 (E.D.N.C. May 15, 2018) ("A claim is time barred if it is not filed within these time limits."). "The 90-day deadline is 'strictly enforced' but is subject to equitable tolling." Brennan, 2019 WL 3046108, at *5; see also id. at *6 (observing that, although "[s]tatutory timely-filing requirements under Title VII and other federal employment-discrimination laws are 'subject to waiver, estoppel, and equitable tolling,'" the Supreme Court has cautioned "that these forms of equitable relief are granted 'only sparingly'").

Thus, "[t]he date on which the claimant received the EEOC letter becomes critical in determining the commencement of the

10

90-day period." Nguyen v. INOVA Alexandria Hosp., 187 F.3d 630 (table), No. 98-2215, 1999 WL 556446, at *3 (4th Cir. 1999) (unpublished). "[I]f the actual date of receipt is [established], that date governs." Id. "If the date is unknown, however, it is presumed that service by regular mail is received within three days pursuant to Rule 6(e) . . . ." Id. "Where the limitations period runs from *receipt*, however, Rule 6(e) only provides a presumption regarding when notice was received." Dixon v. Digital Equip. Corp., 976 F.2d 725 (table), No. 92-1483, 1992 WL 245867, at *1 (4th Cir. 1992) (unpublished) (emphasis in original). Importantly, "claimants may only claim this presumption if the date of receipt of the right to sue letter is disputed." Id.

Here, the Complaint asserts that Plaintiff received the right to sue notification on October 31, 2022. (See Docket Entry 2 at 5.) The 90-day limitation period therefore began running on October 31, 2022, making Monday, January 30, 2023,[5] the deadline for filing suit. See, e.g., 42 U.S.C. § 2000e-16(c). Plaintiff maintains, however, that

> [he] filed in accordance with the Certificate of Mailing provided to him by [the EEOC], which asserted that the complainant would receive the decision within 5 days from the signature date of October 31st, 2022. Given the information provided in the Certificate of Mailing the

---

5  Because the 90-day period technically ended on Sunday, January 29, 2023, Rule 6 automatically extended the deadline to the next business day, Monday, January 30, 2023. See Fed. R. Civ. P. 6(a)(1)(C).

11

due date for any appeal would have been February 5th, 2023.

(Docket Entry 16 at 2; see also id. at 8 (containing referenced certification).) Given that the Complaint maintains Plaintiff received the notification on October 31, 2022,[6] this presumption provides Plaintiff no relief. See, e.g., Dixon, 1992 WL 245867, at *1 (explaining that, although complaint would have been timely if the presumption applied, "the date of receipt was not in dispute and th[us the plaintiff] was not entitled to claim the presumption," rendering her complaint untimely by one day and necessitating judgment for the defendant).

Moreover, the Court need not determine whether the difficulty Plaintiff contends he experienced in attempting to file his Complaint on January 31, 2023, warrants equitable tolling. (See Docket Entry 16 at 3-4, 6.) Even if the Court deemed Plaintiff's Complaint filed as of January 31, 2023, it would remain subject to dismissal as untimely. See Dixon, 1992 WL 245867, at *1. Accordingly, the Court should grant the Dismissal Motion.[7]

---

[6] This asserted date of receipt appears somewhat implausible given that the Certificate of Mailing indicates that the EEOC provided Plaintiff a copy of the decision "[v]ia U.S. Mail" (id. at 8), but the Court must accept as true the allegations in the Complaint, particularly given that Plaintiff has not attempted to amend or retreat from this assertion, notwithstanding his two Amendment Motions and the Dismissal Motion's explicit reliance on this date of receipt.

[7] Plaintiff's assertion that "th[e Dismissal M]otion should be dismissed without consideration due to failure to respond" (Docket Entry 16 at 2) lacks merit. According to Plaintiff, the

12

**B. Amendment Motions**

Construed liberally, the FLSA Motion and Title VII Motion attempt to add claims to this action. (See Docket Entry 15 at 1-2; Docket Entry 16 at 9-10.)  In particular, the FLSA Motion asserts that "Plaintiff was induced to accept employment by the [EPA] based on representations made regarding job duties, compensation, and working conditions," ostensibly in violation of the FLSA. (Docket Entry 16 at 9; see also id. at 10 (asking "[the] Court to consider the present case based on the grounds of fraudulent inducement of labor under the [FLSA]").)  For its part, the Title VII Motion contends that, during Plaintiff's "pre-employment . . . . interview process," he "was subjected to questions that violated federal and state anti-discrimination laws."  (Docket Entry 15 at 1.)  More specifically, Plaintiff contends that EPA officials asked him questions about his

> experience with learning management systems, knowledge of the Kirkpatrick evaluation method, and other education and learning-related inquiries.  These questions were not relevant to the essential functions of the administrative specialist position and served as a guise to elicit information about [Plaintiff's] work experience as a

---

Court (per the undersigned) "set a due date for responses" of "February 25th, 2024," but "Defendant's counsel delivered the motion on February 26th, 2024," without requesting "an extension prior to the due date." (Id.)  As a preliminary matter, the docket reflects no such deadline. (See Docket Entries dated Feb. 1, 2023, to present.)  In any event, February 25, 2024, fell on a Sunday, which would automatically extend any such deadline to Monday, February 26, 2024, see Fed. R. Civ. P. 6(a)(1)(C), rendering the Dismissal Motion timely even under Plaintiff's theory (see Docket Entry 12 at 2 (reflecting filing date of February 26, 2024)).

13

Training Specialist, not the administrative specialist certification, which falsely induced [him] to accept.

(Id. at 1-2.)[8]

As Defendant notes (see, e.g., Docket Entry 18 at 2-7), the Amendment Motions suffer from multiple defects. For instance, Plaintiff signed neither document (see Docket Entries 15, 16), in contravention of Rule 11, see Fed. R. Civ. P. 11(a) ("Every pleading, written motion, and other paper must be signed by at least one attorney of record . . . or by a party personally if the party is unrepresented."). In addition, Plaintiff failed to submit his proposed amended pleadings, in contravention of this Court's Local Rules, see M.D.N.C. LR 15.1 ("If a party is required by the Rules to file a motion in order to seek leave to amend a pleading, the moving party shall attach the proposed amended pleading to the motion."). Notably, despite Defendant highlighting these (and other) deficiencies by early April (see, e.g., Docket Entry 18 at 2-7), Plaintiff has not attempted to rectify them (see Docket Entries dated Mar. 20, 2024, to present). These deficiencies independently justify denying the Amendment Motions. See Fed. R.

---

[8] Although Plaintiff asserts that "[t]he questions asked were not relevant to the essential functions of the administrative specialist position and served as a means to unlawfully obtain information about [his] protected characteristics" (id. at 2), the Title VII Motion contains no factual allegations connecting these questions to any potential discrimination based on Plaintiff's "race, color, religion, sex, or national origin," 42 U.S.C. § 2000e-16(a), in violation of Title VII. (See Docket Entry 15 at 1-2.) This failure independently renders futile Plaintiff's Title VII Motion. See Katyle, 637 F.3d at 471.

Civ. P. 11(a) ("The [C]ourt must strike an unsigned paper unless the omission is promptly corrected after being called to the . . . party's attention."); M.D.N.C. LR 83.4(a) (explaining that, if "a party fails to comply with a [L]ocal [R]ule . . ., the Court may impose sanctions against the . . . party" and "may make such orders as are just under the circumstances," including "striking [a filing]").

Moreover, the claims that the Amendment Motions seek to add qualify as time-barred. To begin, Plaintiff's failure to file the Complaint within 90 days of receiving the EEOC notice precludes his proposed Title VII claim. See, e.g., Dixon, 1992 WL 245867, at *1. Additionally, the Amendment Motions both seek to raise claims regarding events that happened between November 2016 and early January 2017. (See Docket Entry 2 at 7-8 (alleging that Plaintiff interviewed for job in November 2016 and began work by January 7, 2017).) "A charge under [Title VII must] be filed within one hundred and eighty days after the alleged unlawful employment practice occurred . . . ." 42 U.S.C. § 2000e-5(e)(1). According to the Complaint, however, Plaintiff did not file a charge with the EEOC until January 2020. (See Docket Entry 2 at 5.) In turn, the FLSA imposes a two-year statute of limitations, which can extend to a maximum of three years for a wilful violation. See 29 U.S.C. § 255(a). Plaintiff filed the Amendment Motions in March 2024 (see Docket Entries 15, 16) and the Complaint on or around February 1,

15

2023 (see Docket Entry 2 at 1). By any measure, therefore, the Amendment Motions seek to raise untimely claims, rendering them futile. See Keller v. Prince George's Cnty., 923 F.2d 30, 33 (4th Cir. 1991).[9] Accordingly, the Court will deny the Amendment Motions. See United States v. Pittman, 209 F.3d 314, 317 (4th Cir. 2000) ("Where the statute of limitations bars a cause of action, amendment may be futile and therefore can be denied.").

## CONCLUSION

The Complaint qualifies as untimely and the Amendment Motions qualify as futile.

**IT IS THEREFORE RECOMMENDED** that the Dismissal Motion (Docket Entry 12) be granted.

**IT IS FURTHER ORDERED** that the Title VII Motion (Docket Entry 15) and the FLSA Motion (Docket Entry 16 at 9-10) are **DENIED**. The Clerk is **DIRECTED** to docket the FLSA Motion (Docket Entry 16 at 9-10) as a separate filing.

This 10th day of June, 2024.

                                              /s/ L. Patrick Auld
                                                **L. Patrick Auld**
                            **United States Magistrate Judge**

---

[9] Given this futility, the Court need not resolve Defendant's other arguments against the Amendment Motions.

16