IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| WILLIAM ERIC BAKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:23CV91 |
| | ) | |
| MICHAEL S. REGAN, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

The Recommendation of the United States Magistrate Judge was filed with the Court in accordance with 28 U.S.C. § 636(b) and, on June 10, 2024, was served on the parties in this action. (ECF Nos. 20, 22.) Plaintiff filed objections to the Magistrate Judge's Recommendation. (*See* ECF No. 23.) The Court has appropriately reviewed the Magistrate Judge's Recommendation and has made a *de novo* determination in accord with the Magistrate Judge's Recommendation.* The Court therefore adopts the Magistrate Judge's Recommendation.

---

* In his objections, Plaintiff maintains that he "incorrectly annotated the receipt date [in his Complaint]," that "[t]he actual receipt date was sometime after November 4th, 2022," and that he "cannot be held responsible for the Defendant's failure to document the communication and delivery of documents." (ECF 23 at 1-2 (emphasis omitted).) As a preliminary matter, Plaintiff cannot amend his Complaint through briefing. *See, e.g.*, *Hurst v. District of Columbia*, 681 F. App'x 186, 194 (4th Cir. 2017) (explaining that, "a plaintiff may not amend [his] complaint via briefing" and that, "[i]t is one thing to set forth theories in a brief; it is quite another to make proper allegations in a complaint"); *Morgan Distrib. Co., Inc. v. Unidynamic Corp.*, 868 F.2d 992, 995 (8th Cir.1989) ("[I]t is axiomatic that a complaint may not be amended by the briefs in opposition to a motion to dismiss. To hold otherwise would mean that a party could unilaterally amend a complaint at will, even without filing an amendment, and simply by raising a point in a brief." (citations and internal quotation marks omitted)). Moreover, as the Recommendation noted (*see* ECF 20 at 9 n.4; *see also id.* at 12 at n.6), Plaintiff has waived any argument that he received the EEOC notification on any date other than October 31, 2022. Finally, given Plaintiff's multiple prior motions to amend his complaint, his failure to submit a proposed amended complaint in connection with his objections, notwithstanding the Recommendation's explicit reminder of such

**IT IS THEREFORE ORDERED** that Defendant Regan's Motion to Dismiss, (ECF No. 12), is **GRANTED**.

A Judgment dismissing this action will be entered contemporaneously with this Order.

This, the 1st day of August 2024.

/s/ Loretta C. Biggs
United States District Judge

---

requirement for any motion to amend (*see id.* at 14), and Defendant's explicit reliance on the Complaint's stated date of receipt in moving to dismiss (*see, e.g.,* ECF No. 13 at 9 ("Here, Plaintiff was issued a notice of right to file a civil action on October 31, 2022, that Plaintiff asserts in his Complaint that he received on October 31, 202[2], and he filed his instant Complaint 93-days later, on February 1, 2023. . . . Because Plaintiff failed to initiate this instant action within the requisite 90-days from receipt under 42 U.S.C. 2000e-16(c), 29. C.F.R. 1614.407(c), his case should be dismissed.")), the Court declines to treat Plaintiff's belated purported "Clarification" (ECF No. 23 at 1 (emphasis omitted)) yet another request for leave to amend his Complaint.